# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| KISS NAIL PRODUCTS, INC., <br><br> Plaintiff, <br><br> v. <br><br> VELOUR COSMETICS, INC., <br><br> Defendant. | Civil Action No. 2:25-cv-00319 <br><br> **JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT

This is an action for patent infringement arising under Title 35 of the United States Code of the laws of the United States of America.

### PARTIES

1. Plaintiff, KISS Nail Products, Inc. ("KISS"), is a company organized and existing under the laws of the State of New York in the United States of America and having an address of 25 Harbor Park Drive, Port Washington, New York 11050.

2. On information and belief, Defendant Velour Cosmetics, Inc. (hereinafter "Defendant") is a corporation organized and existing under the laws of Canada.

3. On information and belief, Defendant has a place of business at 171 East Liberty Street, Suite 221, Toronto, Ontario, Canada M6K3P6.

4. On information and belief, Defendant imports and distributes "Velour-Xtensions Self-Stick" lash products in the United States.

5. On information and belief, Defendant imports and distributes "Velour x CGonzalez Beauty Self-Stick Lash Clusters" lash products in the United States.

1

6. The packaging for the "Velour-Xtensions Self-Stick" and "Velour x CGonzalez Beauty Self-Stick Lash Clusters" lash products (collectively, the "Accused Products") indicates that they are distributed by Velour Cosmetics Inc.



7. The packaging for the Accused Products states that the Accused Products are "Made in China."

8. On information and belief, Defendant is the current owner of the "Velour Lashes" trademark.



https://tsdr.uspto.gov/#caseNumber=87476181&caseSearchType=US_APPLICATION&caseType=DEFAULT&searchType=statusSearch.

**JURISDICTION AND VENUE**

9. This action arises under the patent laws of the United States, Title 35 of the United States Code.  KISS asserts a claim for patent infringement against Defendant arising

under the patent laws of the United States, Title 35 of the United States Code.  Accordingly, this Court has subject matter jurisdiction pursuant to at least 28 U.S.C. §§ 1331 and 1338(a).

10. On information and belief, this Court has specific personal jurisdiction over Defendant pursuant to Federal Rules of Civil Procedure ("Rule") 4(k)(2) because KISS's claims arise under federal law; on information and belief, Defendant is subject to any state's courts of general jurisdiction and has not consented to personal jurisdiction in any state's courts of general jurisdiction; and exercising jurisdiction over Defendant is consistent with the United States Constitution and laws. *See* Fed. R. Civ. P. 4(k)(2).

11. On information and belief, Defendant is not organized in any U.S. state.

12. On information and belief, Defendant does not have a physical U.S. presence.

13. Defendant is not subject to any state's courts of general jurisdiction because, on information and belief, it is not organized in any U.S. state and does not have a physical U.S. presence.

14. On information and belief, Defendant has not consented to personal jurisdiction in any district other than this judicial district.

15. This Court also has specific personal jurisdiction over Defendant because (1) Defendant has sufficient minimum contacts with the United States and the State of Texas; (2) KISS's causes of action arise out of Defendant's contacts with the United States, including this judicial district; and (3) exercising jurisdiction over Defendant in this judicial district is constitutionally reasonable.

16. On information and belief, Defendant has engaged business activities in and directed to this district; has imported, used, offered for sale, sold, and/or advertised eyelash products asserted by KISS to be covered by U.S. Patent No. 12,171,288 ("the '288 Patent,"

attached as Exhibit A to this Complaint); has committed the acts complained of herein in this district that led to foreseeable harm and injury to KISS; and has otherwise purposely availed itself of the privileges and benefits of the laws of the State of Texas.

17. On information and belief, Defendant's contacts with the United States and this judicial district are substantial, systematic, and continuous.

18. On information and belief, Defendant conducts substantial business operations in the State of Texas.

19. On information and belief, Defendant conducts substantial business operations in this judicial district.

20. On information and belief, Defendant distributes, sells, and offers for sale the Accused Products throughout the State of Texas.

21. On information and belief, Defendant distributes, sells, and offers for sale the Accused Products in this judicial district.

22. On information and belief, the Accused Products are available for purchase in brick-and-mortar Ulta Beauty and Sephora stores throughout the State of Texas.

23. On information and belief, the Accused Products are available for purchase in brick-and-mortar Ulta Beauty and Sephora in this judicial district.

24. The following images show that Accused Products are available for purchase in brick-and-mortar Ulta Beauty and Sephora stores in this judicial district.



*https://www.ulta.com/p/velour-xtensions-self-stick-everyday-natural-lash-kit-pimprod2045490?sku=2623700* at "Check in-store availability" link.



https://www.sephora.com/product/velour-lashes-effortless-self-adhesive-lash-clusters-kit-P511670?skuId=2773414 at "stores near you" link.

25. On information and belief, Defendant knows and intends that the Accused Products are purchased and used in the State of Texas and this judicial district.

26. KISS's counsel was able to purchase a representative example of the Accused Products from at least one such store in this judicial district, as shown by the receipt and photographs attached hereto as Exhibit B.

27. Through sales to customers in the State of Texas and this judicial district, Defendant has purposely availed itself of the privilege of conducting business in this judicial district.

28. Defendant therefore has sufficient minimum contacts with the United States (for purposes of establishing personal jurisdiction pursuant to Rule 4(k)(2)) and with the State of Texas (for purposes of establishing specific personal jurisdiction)).

29. Venue is proper in this judicial district under at least 28 U.S.C. §§ 1391(b), (c) and/or 1400(b) at least because Defendant is incorporated outside of the United States. Additionally, on information and belief, Defendant has committed acts of infringement and regularly conducts business activities in the State of Texas and this judicial district, including but not limited to offering products or services that infringe the '288 Patent to customers located in Texas and this judicial district, as well as for use in Texas and this judicial district.

## FACTS

30. KISS is a leading supplier in the beauty care business, including creating and supplying innovative products for hair care to customers throughout the world, including this judicial district.

31. Among its line of innovative products, KISS sells its imPRESS Falsies eyelash product (the "imPRESS Falsies"). The imPRESS Falsies feature innovative technology that enables the first-ever press-on lash application, allowing users to apply false eyelashes in one step without the pain and skin irritation associated with conventional eyelash extensions. This is achieved through a design where adhesive is disposed on a portion of the individual lash filaments extending outward from the support strip, allowing the eyelash extension to adhere to the user's natural lashes in a position spaced apart from the eyelid. The imPRESS Falsies have enjoyed substantial recognition in the industry as a pioneering advancement in do-it-yourself

("DIY") artificial eyelash technology, and have achieved significant commercial success in the DIY lash market.

32. The '288 Patent" was duly and legally issued on December 24, 2024. A true and correct copy of the '288 Patent is appended hereto as Exhibit A.

33. The '288 Patent issued in the name of KISS and KISS is the owner of all rights, title, and interest in and to the '288 Patent. The '288 Patent is valid and in full force and effect.

34. The '288 Patent describes and claims novel artificial eyelash extension systems developed by KISS and practiced by the imPRESS Falsies.

### DEFENDANT'S INFRINGING ACTIVITIES AND PRODUCTS

35. On information and belief, Defendant has infringed and continues to infringe the '288 Patent by making, importing, using, selling, and offering for sale the Accused Product in the United States that embody or use the inventions claimed in the '288 Patent.

36. Exhibits B and C evidence that KISS obtained examples of Accused Products for inspection and analysis.

37. The Accused Products include lash clusters that come in at least three different styles—Everyday Natural, Soft & Wispy, and Spiky Chic.

38. Examples of the different styles the Accused Products are depicted below.

 

*https://velourbeauty.com/collections/velour-xtensions-self-stick*.

39. The Everyday Natural style of the Accused Products also may be provided in a "kit" that includes a "mini applicator" in addition to twelve clusters.

40. Below is an image of the Everyday Natural style of the Accused Products provided in a "kit" that includes a "mini applicator" in addition to twelve clusters, with red annotations and a call-out of the "mini applicator" added.



9

*https://velourbeauty.com/products/velour-xtensions-self-stick-lash-kit?_pos=2&_sid=78fafce52&_ss=r*.

41. Each of the three different styles of Accused Products comes in three different lengths—long, medium, and short.

42. An image of the different lengths of the Accused Products is provided below, with red underlining added.



*https://velourbeauty.com/products/everyday-natural-velour-xtensions-self-stick-lash-clusters?_pos=4&_sid=78fafce52&_ss=r*.

43. The Accused Products also include a set of lash clusters called the "Velour x CGonzalez Beauty Self-Stick Lash Clusters" that come in three different curls—A, B, and C.

44. An image of the curls of the "Velour x CGonzalez Beauty Self-Stick Lash Clusters" is provided below.

https://velourbeauty.com/products/cgonzalezbeauty-velour-xtensions-self-stick-lash-clusters?_pos=1&_sid=78fafce52&_ss=r.

45. On information and belief, the Everyday Natural "Velour-Xtensions Self-Stick" lash product is representative of the Accused Products with respect to KISS's allegations of infringement of the '288 Patent.

46. Regardless of style, length, curl, or whether the clusters come in a kit, each of the lash clusters of the Accused Products includes a plurality of eyelash filaments each having a base and a tip.

47. Each of the lash clusters of the Accused Products has a support material at the bases of the plurality of eyelash filaments.

48. Each of the lash clusters of the Accused Products has a base string extending across the bases of the plurality of eyelash filaments.

49. Applied to each of the lash clusters of the Accused Products is an adhesive adapted to adhere the lash clusters to the natural lashes of a user.

50. In each of the lash clusters of the Accused Products, adhesive is applied not only to the support material at the bases of the plurality of eyelash filaments, but also to portions of the plurality of the eyelash filaments in a direction extending away from the support strip, or support surface.

51. The Accused Products infringe at least Claims 1, 2, 9-13, 15, and 17-19 of the '288 Patent.

52. An exemplary claim chart showing infringement of at least Claim 1 of the '288 Patent by the Accused Products is attached hereto as Exhibit C.

53. On information and belief, Defendant has had knowledge of the '288 Patent as of at least March 20, 2025, when KISS informed Defendant of the '288 Patent and Defendant's infringement of the '288 Patent via letter of the same date.

54. KISS has been damaged by Defendant's infringing conduct and continues to be damaged by Defendant's ongoing acts of infringement.

55. Defendant is a direct competitor of KISS's in the DIY lash market.

56. Defendant's Accused Products compete head-to-head with KISS's imPRESS Falsies products.

57. Defendant's sales of Accused Products directly displace sales of KISS's imPRESS Falsies products that would have been made by KISS but for Defendant's sales.

58. Defendant's infringing activities have caused and continue to cause KISS to suffer monetary damages in the form of lost profits and lost market share.

## COUNT ONE (PATENT INFRINGEMENT)

59. KISS repeats and realleges paragraphs 1 through 58 hereof, as if fully set forth herein.

60. On information and belief, Defendant has been and is infringing at least Claims 1, 2, 9-13, 15, and 17-19 the '288 Patent, literally or under the doctrine of equivalents, by making, using, selling, or offering for sale in the United States, and/or importing into the United States, including within this judicial district, the Accused Products, in violation of 35 U.S.C. § 271. This infringement is shown, for example, with respect to Claim 1, in Exhibit C.

61.     On information and belief, Defendant has indirectly infringed and continues to indirectly infringe at least Claims 1, 2, 9-13, 15, and 17-19 of the '288 Patent, by inducing and contributing to the infringement of others in the United States, including within this judicial district, in violation of 35 U.S.C. § 271(b) or (c).  For example, Defendant makes, imports, offers to sell, and sells within the United States Accused Products that, when used by customers as instructed by Defendant and according to their intended purpose, infringe at least Claims 1, 2, 9-13, 15, and 17-19 of the '288 Patent.

62.     On information and belief, Defendant provides detailed instructions, demonstrations, and support materials to its customers directing them how to apply and use the Accused Products in a manner that Defendant knows infringes one or more of Claims 1, 2, 9-13, 15, and 17-19 of the '288 Patent.  Examples of such detailed instructions, demonstrations, and support materials are included on the packaging for the Accused Products, as depicted below.





63. On information and belief, Defendant sells and offers to sell one or more components of the Accused Products, constituting a material part of the invention, knowing the same to be especially made and adapted for use in an infringement of one or more of Claims 1, 2, 9-13, 15, and 17-19 of the '288 Patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use. Defendant's knowledge of these exemplary acts of induced and contributory infringement is further discussed below with respect to the willfulness with which Defendant has infringed the '288 Patent.

64. Defendant's infringement has been, and continues to be knowing, intentional, and willful. On information and belief, Defendant knew or should have known of KISS's patent rights when it began selling the Accused Products, as KISS's imPRESS Falsies products have been marked as "patent pending" since they were first offered for sale in the United States in December 2022. As a result of this marking, Defendant has known or should have known of its infringement of the '288 Patent since at least as of October 30, 2024, when the U.S. Patent and Trademark Office issued its Notice of Allowance. Indeed, it would have been prudent for Defendant to look up and monitor KISS's patent filings—particularly as they relate to KISS's imPRESS Falsies product—based on the "patent pending" marking on KISS's imPRESS Falsies product. Furthermore, KISS informed Defendant of its infringement of the '288 Patent by letter of March 20, 2025.

65. Defendant knew of the issuance of '288 Patent prior to March 20, 2025.

66. Despite this knowledge, Defendant continues to willfully import, make, use, offer to sell, and sell the Accused Products in disregard of KISS's patent rights.

67. Defendant's acts of infringement of the '288 Patent have caused and will continue to cause KISS damages for which KISS is entitled to compensation pursuant to 35 U.S.C. § 284, including lost profits.

68. Defendant's acts of infringement of the '288 Patent have caused and will continue to cause KISS immediate and irreparable harm unless such infringing activities are enjoined by this Court pursuant to 35 U.S.C. § 283. KISS has no adequate remedy at law.

69. This case is exceptional, and therefore, KISS is entitled to an award of attorney fees pursuant to 35 U.S.C. § 285.

## PRAYER FOR RELIEF

**WHEREFORE**, KISS requests judgment against Defendant as follows:

(a) Adjudging that Defendant has infringed the '288 Patent, in violation of 35 U.S.C. § 271;

(b) Adjudging that Defendant's infringement of the '288 Patent was willful;

(c) Granting an injunction permanently enjoining Defendant, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries, and assigns, and all of those in active concert and participation with any of the foregoing persons or entities from infringing, contributing to the infringement of, or inducing infringement of the '288 Patent;

(d) Ordering Defendant to account and pay damages adequate to compensate KISS for Defendant's infringement of the '288 Patent, including lost profits and pre-judgment and post-judgment interest and costs, pursuant to 35 U.S.C. § 284;

(e) Ordering an accounting for any infringing sales not presented at trial and an award by the court of additional damages for any such infringing sales;

(f) Ordering that the damages award be increased up to three times the actual amount assessed, pursuant to 35 U.S.C. § 284;

(g) Declaring this case exceptional and awarding KISS its reasonable attorney fees, pursuant to 35 U.S.C. § 285; and

(h) Awarding such other and further relief as this Court deems just and proper.

Dated: March 31, 2025

Respectfully,

*/s/ Kurt M. Pankratz*
Thomas C. Martin
District of Columbia Bar No. 986325
BAKER BOTTS L.L.P.
700 K Street, NW
Washington, D.C. 20001
Phone: (202) 639-7700
Fax: (202) 639-7890
Email: Tommy.Martin@BakerBotts.com

Kurt M. Pankratz
Texas Bar No. 24013291
BAKER BOTTS L.L.P.
2001 Ross Avenue, Suite 900
Dallas, TX 75201
Tel: (214) 953-6500
Fax: (214) 953-6503
Email: Kurt.Pankratz@BakerBotts.com

*Attorneys for KISS Nail Products, Inc.*